673 So.2d 696 (1996)
Margie DIXON
v.
SCHWEGMANN GIANT SUPERMARKETS, INC. and XYZ Insurance Company.
No. 95 CA 2048.
Court of Appeal of Louisiana, First Circuit.
May 10, 1996.
Dennis John Haughe, Prairieville, for Plaintiff-Appellee.
Ann M. Halphen, Baton Rouge, for Defendants-Appellants.
Before FOIL, WHIPPLE and FOGG, JJ.
FOGG, Judge.
This case arises out of a slip and fall accident which occurred in the Schwegmann Giant Supermarket on Sherwood Forest Boulevard in Baton Rouge, Louisiana. Schwegmann appeals an adverse judgment; the salient issue raised on appeal is whether the trial court erred in finding Schwegmann failed to exercise reasonable care under the circumstances.
On August 28, 1992, the day after Hurricane Andrew, plaintiff, Margie Dixon, traveled to the Schwegmann Supermarket in Baton Rouge from her home in Prairieville to buy ice as Schwegmann was the only store in the area selling ice. Dixon initially waited in line; but, when she got to the front of the *697 line, all the ice was gone. Therefore, she decided to wait for another truck of ice to arrive.
Dixon testified that where the ice was being sold there was a sign that said, "Caution, Wet Floor" and a man with a bucket, who was mopping the floor. When she arrived at the register most of the eight to ten people ahead of her had ice in their buggies. After Dixon paid for her purchases, she reached for her change and slipped and fell. She did not see any water on the floor before the fall, but noticed that the seat of her clothes was wet after the fall. She did not notice anything else that could have caused her fall. Dixon was assisted by the manager and a security officer into a wheelchair and taken to an office to fill out an accident report. She was in the store approximately two hours. She was, then, helped to her car and she drove home to Prairieville.
After trial, the court rendered judgment in favor of Dixon, awarding her damages in the sum of $18,000. Schwegmann appeals, contending the trial court erred in determining a condition existing in or on its premises presented an unreasonable risk of harm to the plaintiff and in determining the defendant failed to exercise reasonable care.
The accident in this case occurred on August 28, 1992. Thus, the applicable burden of proof for a plaintiff in a slip and fall case is set forth in LSA-R.S. 9:2800.6, as amended by 1990 La. Acts No. 1025, Sec. 1, effective September 1, 1990. That statute provides as follows:
§ 2800.6. Burden of proof in claims against merchants
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.
D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322 or 2695.
The plaintiff has the burden of proving she slipped and fell due to a condition on defendant's premises which presented an unreasonable risk of harm, that the risk of harm was reasonably foreseeable, that the defendant either created the condition or had actual or constructive notice of the condition prior to the occurrence, and that the defendant failed to exercise reasonable care. LSA-R.S. 9:2800.6B; Welch v. Winn-Dixie Louisiana, 94-2331 (La. 5/22/95); 655 So.2d 309.
The facts in this case are uncontested. Schwegmann contends the trial judge erred in applying the facts to the legal duty of the merchant. We note, initially, that the application of the facts to the final legal determination of whether the condition constitutes a defect that creates an unreasonable risk of harm to others is not protected on appellate review by the manifest error rule. Green v. City of Thibodaux, 94-1000 (La.App. 1 Cir. 10/6/95); 671 So.2d 399, writ denied, 95-2706 (La. 2/28/96); 668 So.2d 366. Rather, the issue of reasonableness is an issue of law. Specifically, Schwegmann contends *698 the trial court erred in making the following conclusions:
(1) The very fact that customers were allowed to stand in line with melting ice is in the Court's opinion, the creation of a condition which presented an unreasonable risk of harm; and
(2) The check-out aisle where Plaintiff's accident occurred did not have cardboard on the floor and, thus, Defendant failed to exercise reasonable care as the check-out line was where people waited with melting bags of ice for a period of time.
Finding merit to the assertion that the trial court erred in concluding that the failure to place cardboard on the floor of the check-out aisle constituted a failure to use reasonable care, we pretermit appellant's remaining assignment of error.
The evidence reflects that, on the day of the accident, the store had electricity until about 9 a.m. and thereafter used a generator. The generator operated selected lights on the sales floor area and the checkouts. The store was operating with a reduced staff of thirty to forty employees, which was approximately one-half its usual staff, and was selling only ice and a few non-perishable items.
Schwegmann was taking pallets of ice off trailers in the warehouse area and rolling the pallets to the center of the store near the frozen foods section where the ice was distributed. They sold at least two trailer loads of ice that day, which was about forty-four pallets of ice. Almost everyone coming into the store was buying ice. Because so much ice was being sold, Schwegmann put some cardboard on the floor to try to absorb some of the water from the bags of ice that was melting. The cardboard was placed along the frozen food aisle and in front of the checkouts. There was a "pathway" of cardboard from the place where Schwegmann was dispensing the ice to the registers. Employees were directing people from the place where they were distributing the ice, down the cardboard walk, and to the cash registers to avoid having them walk around the store with the bags of ice. The cashier, the bagger and the head cashier were responsible for inspecting the cashier area. Also employees were continuously mopping the floors and "wet floor" signs had been placed around the store. Rolls of paper towels were placed at the checkouts to cleanup any small spills. The baggers were given mops to clean up large spills. Customer service was making announcements periodically indicating that the floor was wet and that people should be careful.
Under these extreme conditions, we conclude the defendant's efforts to maintain their customers' safety while continuing to offer a much needed commodity to the community were reasonable. Therefore, the trial judge's determination that the defendant failed to exercise reasonable care in maintaining the check-out aisles was legally wrong.
For the foregoing reasons, the judgment of trial court is reversed. Judgment is rendered in favor of Schwegmann, dismissing plaintiff's claim with prejudice. Costs are assessed against Margie Dixon.
REVERSED AND RENDERED.